IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER A. FRANCIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-936-CFC/MPT |
| | ) |
| ANDREW SAUL[1], | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

On April 2, 2019, Chief Magistrate Judge Thynge issued a 36-page Report and Recommendation (D.I. 15), recommending that the Court deny the motion for summary judgment (D.I. 10) filed by Plaintiff Christopher A. Francis (D.I. 10) and grant the cross-motion for summary judgment (D.I. 12) filed by Defendant Andrew Saul, the Commissioner of Social Security. Plaintiff filed objections to the Report and Recommendation. D.I. 16. Defendant filed a response to Plaintiff's

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019 to succeed Acting Commissioner Nancy A. Berryhill. Berryhill succeeded Carolyn A. Colvin, who served as Acting Commissioner of Social Security from January 19, 2013 until January 20, 2017. Colvin was the original party in this case. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. §405(g), Andrew Saul was automatically substituted as the Defendant in this action.

objections. D.I. 17. Pursuant to 28 U.S.C. § 636(b)(1), I have reviewed *de novo* the portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected and will overrule Plaintiff's objections and adopt the Report and Recommendation.

Plaintiff makes two objections. He objects first to the Magistrate Judge's recommendation that the Court find that the Administrative Law Judge (ALJ) did not err in giving little weight to the opinions of Plaintiff's treating pain management specialist, Dr. Blanco. D.I. 16 at 1-8. I agree, however, with the Magistrate Judge's conclusion that the administrative record contained substantial evidence to support the ALJ's factual determination that Dr. Blanco's statements were not consistent with the objective medical and non-medical evidence. As the Magistrate Judge explained in substantial detail, *see* D.I. 15 at 30-32, Plaintiff's medical examination notations, treatment history, refusal of injections, and daily activities were inconsistent with the level of incapacity Dr. Blanco attributed to Plaintiff and provided a substantial evidentiary basis for the ALJ's decision to give Dr. Blanco's opinion little weight. Accordingly, I will not disturb the ALJ's findings relative to Dr. Blanco. *See Gonzalez v. Astrue,* 537 F. Supp. 2d 644, 659 (D. Del. 2008) ("The Court must uphold the Commissioner's factual decisions if they are supported by 'substantial evidence.'" (citations omitted)).

Plaintiff next objects to the Magistrate Judge's recommendation that the Court find that the ALJ did not err in assessing Plaintiff's credibility. *See* D.I. 16 at 8-9. The ALJ found in relevant part:

> [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. In assessing the credibility of [Plaintiff's] statements regarding his symptoms and their effects on his functioning, the undersigned has considered not only the objective medical evidence, but his medical history, the character of his symptoms, precipitating and aggravating factors, the type of treatment used to relieve his pain/symptoms, his response to treatment, his daily activities, his work history, and the statements of treating and examining sources regarding the nature and severity of his overall condition.
>
> Overall, the medical records reflect that [Plaintiff's] cardiac, musculoskeletal, and endocrine impairments result in some limitation in his ability to perform work related activities, but not to the degree alleged. Primarily, ... while [Plaintiff] has a strong work history which bolsters his credibility, his subjective complaints and allegations far outweigh the objective and clinical findings.

D.I. 7-2 at 28-29 (citations omitted). The medical and non-medical record evidence, which the ALJ accurately set forth in substantial detail, *see id.* at 29-30, provided substantial support for the ALJ's determination that Plaintiff overstated the limiting effect of his symptoms. It is noteworthy that the ALJ did not reject Plaintiff's allegations regarding his symptoms and limited Plaintiff to light work

3

involving no more than occasional postural activity and no climbing or exposure to heights or hazards. *See* D.I. 7-2 at 27. Thus, the ALJ did not reject Plaintiff's testimony outright, but gave it careful consideration and assessed it in a manner that is consistent with the overall evidentiary record. Because the ALJ's credibility assessment of Plaintiff is supported by substantial evidence, I will not disturb it and will overrule Plaintiff's objection. *See Gonzalez*, 537 F. Supp. 2d at 659.

In sum, I agree with the Magistrate Judge's findings and recommendations.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (D.I. 16) are OVERRULED;

2. The Report and Recommendation (D.I. 15) is ADOPTED;

3. Plaintiff's Motion for Summary Judgment (D.I. 10) is DENIED; and

4. Defendant's Cross-Motion for Summary Judgment (D.I. 12) is GRANTED.

5. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

7-10-19
Date

United States District Judge